**Richard GREEN, Plaintiff-Appellant,**

v.

**ARMSTRONG RUBBER COMPANY,**
**Defendant-Appellee.**

No. 79–1464
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1980.

Rehearing and Rehearing En Banc
Denied April 11, 1980.

James E. Winfield, Vicksburg, Miss., for plaintiff-appellant.

Watkins, Pyle, Ludlam, Winter & Stennis, Robert H. Weaver, Peyton S. Irby, Jr., Jackson, Miss., for defendant-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

·PER CURIAM:

In this race discrimination case filed pursuant to 42 U.S.C. §§ 1981, 2000e *et seq.* the trial court rendered judgment in favor of the appellee holding that the appellant had failed to establish a prima facie case of discrimination. We affirm.

Appellant, a black man, bases his discrimination claim on his being discharged following a fight between him and another employee. On August 5, 1977 appellant and a fellow employee, a white man, became involved in an altercation that resulted in the appellant slashing the other employee with a knife-like work tool. Although the genesis of the fight was disputed, it was undisputed that only the appellant had used the dangerous work tool. The appellee suspended both of the employees pending an investigation.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

On August 11 the appellant was discharged for violation of company Rule 26 which proscribes fighting. Later, the other employee was also found in violation of the rule but was suspended rather than discharged. Appellee's Industrial Relations Manager testified that this apparent disparity of treatment arose because of the disparity of conduct: although the other employee may have verbally participated in the fight, the appellant responded with physical violence. Moreover, the manager testified that the work tool involved is such a dangerous instrument that harsh sanctions must be imposed to deter such conduct.

The district court dismissed this action on the ground that appellant had not established a prima facie case of discrimination. In a Title VII action the plaintiff must first prove a prima facie case of racial discrimination. If a case is established, the burden shifts to the employer to demonstrate a legitimate nondiscriminatory reason for its action. With respect to discharge for violation of work rules, the plaintiff must first demonstrate by a preponderance of the evidence either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly. *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1254–55 (5th Cir. 1977). Here, appellant has failed to demonstrate that disparity of treatment occurred, i. e. that white employees who engaged in similar conduct were punished dissimilarly.

In the instant action, the evidence does not support the contention that white employees are treated dissimilarly from black employees with respect to the appellee's Rule 26. Here appellant was treated in a dissimilar manner from the white employee involved in the instant altercation, but the disparity of punishment resulted from a difference in conduct rather than racial motivation. Although there was some dispute, the weight of the evidence establishes that appellant was the aggressor in the fight. Moreover, even had an act of violence occurred, or was threatened, the appellant

was not justified in reacting in such a dangerous fashion. The appellee's Industrial Relations Manager credibly testified that the reason for the discharge was the disparity in conduct of the two employees. Moreover, the history of the application of the Rule 26 proscription of fighting fails to demonstrate a prima facie case of racial discrimination because appellant and other blacks have not been treated disparately from whites who similarly had violated Rule 26 in the past.

Because the clear weight of the evidence establishes that the appellant was treated dissimilarly from a white employee because of dissimilar conduct rather than because of racial animus, we affirm the district court's holding that a prima facie case was not demonstrated.

AFFIRMED.