**George A. PALMER, Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Defendant.**

**No. C–86–4643 SAW.**

United States District Court, N.D. California.

July 16, 1987.

George A. Palmer, in pro per.

Ned A. Fine, John D. McLachlan, Eric P. Angstadt, Fisher & Phillips, San Francisco, Cal., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

WEIGEL, District Judge.

George Palmer brings this action for wrongful discharge against his former employer, Roadway Express, Inc. ("Roadway"). Palmer alleges that (1) he was discharged because he is black, in violation of Title VII of the Civil Rights Act of 1964; and (2) he was discriminated against because of job-related injuries.

### 1. *Racial discrimination claim.*

In order to establish that discharge was discriminatory under Title VII, Palmer must show (1) he is a member of a class protected under the statute; (2) he was discharged; and (3) there is a causal connection between his protected status and the discharge. 42 U.S.C. §§ 2000e, *et seq.*; Schlei & Grossman, *Employment Discrimination Law* 596, *citing Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir.), *cert. denied,* 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102 (1980). Roadway acknowledges that Palmer meets the first two requirements, namely that he is black and was discharged. Roadway argues that he has failed to prove his discharge was racially motivated.

Palmer has not submitted affidavits, declarations, or any other evidence showing discrimination. The Court must therefore rely on Roadway's uncontested evidence to determine if there is any genuine issue of material fact necessitating trial. Roadway's evidence shows that Palmer had a history of attendance problems at work. Palmer was once discharged for repeated absenteeism, but the termination was later reduced to an 8–day suspension at the behest of Palmer's union. After Palmer returned from suspension he failed to report to work on two occasions. He was also observed smoking what appeared to be marijuana while on the job. When asked to take a drug test, Palmer initially agreed, but later fled the premises. Palmer's conduct breached his employment agreement with Roadway and he was again discharged.

Palmer claims he was discharged because he is black, but has provided no evidence showing this was the reason for his termination. On the contrary, Palmer stated in his deposition that a white employee who had similar problems was also terminated, and another black employee with a similar record was not terminated. Palmer has alleged no facts which even hint of discrimination. Thus, there remains no genuine issue of material fact.

### 2. *Physical injury claim.*

Palmer also claims Roadway discharged him because he suffered an on-the-job injury. Palmer injured his back in January, 1985. He missed several weeks of work because of the accident and received workers' compensation benefits during that time. After returning to work he claims he was absent on several occasions because of recurrent back injury. However the record indicates otherwise.

Roadway submitted evidence of other reasons for the absences. In warning letters to Palmer, Roadway recounted telephone conversations in which Palmer stated he "didn't feel like coming to work." On another occasion he claimed he overslept. Palmer provides no contrary evi-

dence showing he was discriminated against as a result of his injury.

■ More importantly, this Court is not the proper forum for this claim. Discrimination based on physical injury is prohibited by section 132a of the California Labor Code. *See Judson Steel Corp. v. Workers' Comp. Appeals Board,* 22 Cal.3d 658, 586 P.2d 564, 150 Cal.Rptr. 250 (1978). However, claims under section 132a are subject to the exclusive jurisdiction of the state Workers' Compensation Appeals Board. *Taylor v. St. Regis Paper Co.,* 560 F.Supp. 546, 549 (C.D.Cal.1983).

3. *Palmer's request to present oral testimony*

■ Palmer has asked to present oral testimony during the hearing on this motion. This Court has the discretion to hear such testimony. Local Rule 220(7). However, Palmer has failed to justify his request. Despite ample instructions and warnings, he has ignored the procedures prescribed in Fed.R.Civ.P. 56 for submitting evidence in opposing this motion. This failure typifies his conduct throughout the lawsuit. He conducted no discovery, and twice failed to appear at his scheduled deposition.

Palmer has had ample opportunity to provide this Court with evidence supporting his claims of discrimination. For whatever reasons, he has chosen not to do so. This Court finds no reason to exercise its discretion to allow him to present oral testimony.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.