**Kenneth GUNNER**

v.

**CHEVRON U.S.A., INC.**

**Civ. A. No. B–86–1205–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 18, 1988.

Stella Morrison, Port Arthur, Tex., for plaintiff.

Margaret M. McKay, The Chevron Companies, Houston, Tex., for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Kenneth Gunner initiated this case in the District Court of Jefferson County, Texas, pursuant to § 5221k, TEX.REV.CIV.STAT.

ANN. (Vernon 1987),[1] and Chevron removed it to this court, pursuant to 28 U.S.C. §§ 1441(a), 1446(b), and 1332. The case is properly before this court on diversity jurisdiction.[2]

Pending before the court is Chevron's motion for summary judgment. Having considered the record and oral argument of counsel, the court grants Chevron's motion, finding it both convincing under the law and facts of this case.

## PLAINTIFF'S CONTENTION

Gunner's claim is quite clear. He contends that:

> On or about November 22, 1985, plaintiff was discharged from employment with Chevron, U.S.A., Inc., in Port Arthur, Texas, for alleged misconduct in inadvertently taking company tools without authorization. *White employees have been guilty of the same kind of misconduct, and were not discharged by Chevron.*

¶ 5, plaintiff's original petition (emphasis added).

Discovery in the case revealed that plaintiff intended to support his claim with Chevron's treatment of four white employees, claimed to have been similarly situated but not discharged. Those four white employees are alleged to be Jesse Strawther, Leland W. Locke, Gary Turbeville, and James Nicklebur.

1. The statute is also referred to as the "Commission on Human Rights Act."

2. Ironically, though this case is here by reason of diversity, the court chooses to apply principles controlling Title VII actions in deciding this case. The court does so because there is a lack of Texas case law from which the court may seek guidance. Moreover, one of the purposes of the Act is to "provide for the execution of the policies embodied in Title VII of the Federal Civil Rights Act of 1964, as amended (42 U.S.C. Section 2000e, *et seq.*)." TEX.REV.CIV.STAT. ANN. Art. 5221k, § 1.02 (Vernon 1986). As well, the Act itself substantially tracks the language in Title VII. Art. 5221k, § 5.01 states in pertinent part:
   It is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge an individual or otherwise to discriminate against an individual with respect

## DEFENDANT'S CONTENTION

Chevron contends that plaintiff cannot support his allegation of disparate treatment. In support thereof, Chevron submitted a "STATEMENT OF FACTS ON WHICH THERE IS NO GENUINE ISSUE" which is based upon proper summary judgment proof. Gunner failed to respond to Chevron's motion, has submitted no controverting affidavits, nor made any oral argument contesting the truth of the facts as stated by Chevron. Gunner has had over a year to discover evidence to support his claim of disparate treatment. He has presented no evidence of disparate treatment upon which this court may rely, other than his subjective belief that he was discharged because of his race. Gunner has filed no motion requesting more time to collect evidence to support his case or to counter Chevron's motion for summary judgment. Accordingly, Chevron's statement of facts and supporting affidavits, depositions, and other evidence, as supported by the record are taken as true. Such facts are as follows:

## FACTS ON WHICH THERE IS NO GENUINE ISSUE

1. Kenneth Gunner was employed by Gulf Oil Corporation, now known by change of name as Chevron, U.S.A., Inc., from 1971 to 1985 at its Port Arthur refinery in Port Arthur, Texas.

to compensation for the terms, conditions, or privileges of employment, because of race, color, handicap, religion, sex, national origin, or age.
TEX.REV.CIV.STAT.ANN. (Vernon 1986).
42 U.S.C. § 2000e states in pertinent part:
   It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.
42 U.S.C. § 2000e–2.
Finally, counsel have brought no authority indicating the court should do otherwise, nor has either counsel voiced objection to applying principles of Title VII law to this action.

2. On or about November 20, 1985, Chevron conducted a routine gate search of all vehicles leaving the Port Arthur refinery. Chevron's security guard stopped the plaintiff, Kenneth Gunner, and found 16 tools bearing company identification numbers in a tool box in the trunk of his car.

3. Plaintiff had no authorization, written or otherwise, to remove company tools from the refinery premises.

4. It is Chevron's policy that the removal of company property from refinery premises without proper authorization is a major offense for which an employee will be subject to severe disciplinary action, including discharge.

5. Notices of company policy forbidding removal of company property were posted on bulletin boards throughout the refinery prior to November 20, 1985.

6. The posted notice, dated September 23, 1985, which superseded notices dated December 20, 1980, and February 5, 1982, states, in pertinent part, as follows:

The removal of company products or property from the plant without proper authorization is a major offense for which an employee will be subject to severe disciplinary action, including discharge.

Refinery policy prohibits the removal of any materials, supplies, or property (scrap or otherwise) from the refinery by any employee. Employees are urged to check their pockets, lunch boxes, etc., before leaving the plant, for small items, such as gloves, tools, or other company property, since the removal of such items will also subject an employee to discharge. . . .

7. Kenneth Gunner was aware of Chevron's rule against removal of company property, and that the company would discipline employees who removed tools or other equipment from refinery premises without permission.

8. Kenneth Gunner was discharged on November 22, 1985, for attempted removal of company property from the Port Arthur refinery without proper authorization.

9. Plaintiff, . . . alleged that similarly situated white employees, namely, Jesse C. Strawther, Leland W. Locke, and Gary Turbeville, were caught in a gate search removing company property from refinery premises, and were not discharged. Plaintiff has no personal knowledge of these allegations, and claims to have no way of knowing whether these allegations are true.

10. Jesse C. Strawther, a white maintenance operations employee, was discharged on January 10, 1986, for attempted removal of company property without authorization. His discharge was arbitrated by the Oil, Chemical & Atomic Workers' International Union, Local Union No. 4–23. Mr. Strawther's discharge was upheld by the arbitrator, and Chevron has neither offered to reinstate him, nor has it reinstated him.

11. Chevron has no record of Leland W. Locke and Gary W. Turbeville, white maintenance operations employees, attempting to remove company property from the refinery premises. Chevron, having no knowledge of any such offense, had no basis for disciplining either of these employees, and both remain employed at Chevron's Port Arthur refinery.

Chevron, U.S.A., Inc.'s Statement of Facts on which There is No Genuine Issue (citations to the record omitted).

In addition, prior to hearing, Chevron supplemented its motion for summary judgment. Chevron did so because plaintiff's answers to interrogatories—filed after Chevron moved for summary judgment, showed plaintiff intended to contrast Chevron's treatment of a Mr. Nicklebur with his own to prove his claim. Such supplementation revealed the following uncontested facts:

On June 23, 1987, James Nicklebur was found leaving the Port Arthur refinery with three small pocket tools, a channel lock and two open ended wrenches, each approximately four inches in length. Mr. Nicklebur was suspended pending inves-

tigation of this incident ... Mr. Nicklebur, as well as others [sic] instrument mechanics regularly removed them overnight from the plant premises, and that the supervisors condoned this removal. Mr. Nicklebur was accordingly reinstated as he had not violated Chevron's policy forbidding unauthorized removal of company property from refinery premises. (Affidavit of Marc A. Anderson, supervisor of Labor Relations, Human Resources Department of Chevron, U.S.A., Inc.)

## SUMMARY JUDGMENT STANDARDS

Summary judgment under Rule 56(c) FED.R.CIV.P. is proper only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Thornbrough v. Columbus & Greenville R. Co.*, 760 F.2d 633, 640 (5th Cir.1985). A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the movant has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by affidavit, depositions, answers to interrogatories, and admissions on file, designate specific facts, "as would be admissible in evidence," showing that there is a genuine issue for trial. *Id.* 106 S.Ct. at 2555. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. *Id.* at 2554. Indeed, the last sentences of Rule 56(e) were added to prevent a party from opposing a properly made motion merely by referring to the pleading. *Id.* at 2555.

Once the court has heard from both parties, it must indulge every reasonable inference from the underlying facts in favor of the party opposing the motion. *Thornbrough v. Columbus & Greenville R. Co.*, 760 F.2d at 640. The party who defends against the motion for summary judgment must have his properly supported allegations taken as true, and must receive the benefit of the doubt when his assertions, if properly supported, conflict with those of the movant. *Id.* at 640.

In general, summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent. *Id.* at 640. In reviewing a case on appeal, it is difficult to determine what evidence might legitimately sway the fact finder and hence, be material. Thus, if any facts are in dispute in an employment discrimination case, summary judgment is generally inappropriate. *Id.* at 640. However, standing alone, a subjective belief of discrimination, no matter how strongly or genuinely felt, cannot support a claim of racial discrimination. *Id.* at 644, n. 16 (citing *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir.1983). As well, the court has the moral and legal obligation to be fair to both parties and must always bear in mind that:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses, to demonstrate in the manner provided by the rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 106 S.Ct. at 2555.

Based on the principles set forth above, the record in this case, and for the following reasons, the court concludes that (1) Chevron met its initial burden of demonstrating that there are no genuine issues of material fact, and it is entitled to judgment as a matter of law; and (2) plaintiff has failed to interpose any facts as could be admissible in evidence to counter Chevron's demonstration, other than his subjective belief that he was discriminated against because of his race. Such subjective feelings are insufficient to rebut Chevron's initial showing and do not carry the day. Therefore, summary judgment is appropriate and shall be entered against plaintiff.

ANALYSIS

■ To establish a prima facie case of disparate treatment, the plaintiff generally must show (1) that he belongs to a protected minority, (2) that he was qualified for the position he held, (3) that despite his qualifications, he was terminated, and (4) that his employer discharged him under circumstances giving rise to an inference of unlawful, intentional racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed. 2d 668, 677 (1973); *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 355, n. 15, 97 S.Ct. 1843, 1854, n. 15, 52 L.Ed.2d 396, 1415, n. 15 (1977); *Page v. U.S. Industries, Inc.*, 726 F.2d 1038, 1045 (5th Cir.1984). In work-rule-violation discharge cases, to establish an inference of discrimination, the plaintiff must establish at trial by a preponderance of the evidence, "either that he did not violate the rule, or that, if he did, white employees who engaged in similar acts were not punished similarly." *Green v. Armstrong Rubber Co.*, 612 F.2d 967 (5th Cir.1980); *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1254–55 (5th Cir.1977).

The *prima facie* element in question here is the last: whether Chevron treated similarly situated white employees differently than plaintiff, raising an inference of unlawful intentional discrimination. Of course, in deciding a motion for summary judgment, the court does not weigh evidence. In this particular case, summary judgment standards require the court to determine whether there is a genuine factual issue surrounding this *prima facie* element.

■ Chevron's summary judgment proof shows that the white employees which plaintiff contends were not similarly discharged, were in fact either (1) treated similarly, or (2) did not engage in similar acts. In making such proof, Chevron discharged its burden as the movant.

In response, plaintiff elected to present not one sliver of evidence, though given ample opportunity. Instead, plaintiff cites two Ninth Circuit cases, *Sidebotham v. Robison*, 216 F.2d 816 (9th Cir.1954), and *Suckow Borax Mines Consolidated v. Borax Consolidated*, 185 F.2d 196 (9th Cir. 1950). Both cases are inapposite, non-binding, and irrelevant, in light of the 1963 amendments to Rule 56 FED.R.CIV.P. and the Supreme Court's recent pronouncements regarding Rule 56(e). Rule 56(e) clearly states that:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED.R.CIV.P. 56(e).

It is clear to the court that plaintiff wishes to stand entirely on his pleadings. Such a position flies in the face of Rule 56(e). Even stepping outside plaintiff's pleadings, the only evidence in the record upon which plaintiff could even attempt to rely, though not specifically urged by Gunner's counsel, would be Gunner's deposition. However, a thorough reading of his deposition reveals that Gunner's testimony is based either on his subjective belief, or is not supported by facts of which he has personal knowledge. His subjective belief is insufficient to support an inference of unlawful discrimination. The other parts of his deposition, not being based on personal knowledge, would be inadmissible at trial. This court may not consider such inadmissible evidence in deciding whether there is a fact issue. Rule 56(e) clearly states that an opponent's response "shall set forth such facts as would be admissible in evidence." Plaintiff has thus failed to produce any summary judgment proof to show that there is a genuine issue for trial. Therefore, Chevron, having met its burden as movant, is entitled to summary judgment.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that Chev-

ron's motion for summary judgment be GRANTED.