**N.J. MOSLEY**

v.

**The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.**

**Civ. A. No. B–88–1165–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 28, 1990.

**230**

Patrick J. Gilpin, Houston, Tex., for plaintiff.

Benjamin R. Powel, McLeod, Alexander, Powel & Apffel, Galveston, Tex., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

On December 21, 1988, the plaintiff, N.J. Mosley (Mosley), filed a complaint alleging age and race discrimination by his employer, the defendant Atchison, Topeka & Santa Fe Railway Company (the Santa Fe). The age discrimination claim was dismissed by this court with prejudice on November 6, 1989. The Santa Fe now moves for summary judgment on the race discrimination claim.

## STANDARD OF REVIEW

Summary judgment is only appropriate where no genuine issue of material fact exists. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, the moving party must be entitled to judgment as a matter of law. *Id.* The court must review all the facts in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Applying this standard, the court now turns to the merits of the Santa Fe's motion under FED.R.CIV.P. 56.

### The Motion

Mosley, a black person, alleges the Santa Fe discriminated against him on the basis of his race, in violation of 42 U.S.C. § 2000e *et seq.* (Title VII). A plaintiff alleging a violation of Title VII must make a *prima facie* showing of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Courts in this circuit have held that where discrimination in employee discipline is alleged, the plaintiff bears the burden of proving either he did not violate the work rule in question or if he did, that white employees who also violated the rule were disciplined lees severely. *Green v. Arm-*

*strong Rubber Co.,* 612 F.2d 967 (5th Cir. 1980); *Jackson v. Southern Pacific Trans. Co.,* 24 FEP cases 1345, 1980 WL 290 (S.D. Tex.1980). Accordingly, the plaintiff's burden here is to show either he did not violate the work rule in question or, if he did, white employees who also violated the rule were disciplined less severely.

 Mosley was disciplined for violation of the work rule regarding laying off under false pretenses. According to his deposition testimony, he did indeed violate the rule. He called in and requested leave for "personal business." When informed the Santa Fe had placed a hold, or "rock," on personal leave for brakemen, trainmen, and switchmen (as Mosley was), he changed his request to sick leave.[1] For this violation, Mosley was terminated February 18, 1988.

Since Mosley did in fact violate the work rule, his prima facie case hinges on a showing that white employees who also violated the rule were treated less harshly. Mosley points to only one white employee in support of this allegation, an engineer named Goodson. Goodson also changed a called-in leave from personal time to sick time. Goodson received thirty demerits, but was not terminated.

A crucial difference exists between Mosley and Goodson. Mosley, as a switchman, was under a rock on personal leave at the time he called in. The rock is placed by the Santa Fe when personnel for a particular job are few, and personal leave must be cancelled to handle the demands of the Santa Fe's business. Goodson, an engineer, was under no such rock. It is appropriate for a railroad to treat these infractions differently.

Additionally, Mosley neglects to mention the discipline meted out to other employees, both black and white. Eight trainmen, brakemen, or switchmen were disciplined for similar violations since January 1, 1982. Four were white and four were black. Three of the white employees were removed from service, and one was given

thirty demerits. Three of the black employees were removed from service (including Mosley) and one received a formal reprimand. This record does not even remotely approximate a *prima facie* showing of inequitably administered discipline.

Accordingly, summary judgment is GRANTED for the defendant.

---

1. Mosley repeatedly states in his response to the motion for summary judgment that he was unaware until he called in that a rock was on personal leave for trainmen and brakemen.

The court is unable to see what possible relevance this statement could have, since Mosley agrees he was informed of the rock when he called.