Arthur **WADLEY**, Plaintiff,

v.

**J.R. TOBACCO COMPANY, Defendant.**

**No. 92–153–CIV–5–BO.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

Feb. 17, 1993.

---

Arthur Wadley, pro se. .

Luther Donald Starling, Jr., Daughtry & Starling, Smithfield, NC, for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Plaintiff sued his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that he was discharged because of his race. Defendant now moves for summary judgment, on the grounds that plaintiff has failed to establish a *prima facie* showing of disparate treatment.

Plaintiff Arthur Wadley, a black male, worked as warehouseman for defendant J.R. Tobacco of America, a North Carolina corporation engaged in the sale of tobacco products. Defendant's company policy prohibited employees from accepting promotional items or other gratuities from sales representatives without prior management approval. In order to enforce this policy, employees were checked for contraband as they left work each day. Although defendant asserts that notice of the policy was posted prominently throughout the premises, plaintiff claims to have been unaware of it.

On June 4, 1991, plaintiff was stopped while attempting to leave work with a T-shirt promoting "Bull Durham" cigarettes. Two other employees were stopped for the same reason: Helen Williams, a black female, and Sheila Parrish, a white female. The guard summoned General Manager Ron Iazetti, who determined that Parrish been given permission to purchase her T-shirt from the sales representative. Plaintiff and Williams admitted that they had been given the shirts by the salesman in return for locating his particular merchandise from among several pallets of cigarettes and giving that merchandise priority in stamping it for sale. Iazetti reprimanded both plaintiff and Williams, but did nothing further at the time.

On the following morning, Iazetti fired Williams for violating company policy. Iazetti then approached plaintiff and attempted to counsel him concerning the previous day's incident. The two men began to argue. There is conflicting testimony as to whether, at the conclusion of this argument, Iazetti fired plaintiff or plaintiff walked off the job. Plaintiff has not worked for defendant since.

Plaintiff subsequently filed a complaint of discrimination with the Equal Employment Opportunity Commission, (EEOC) claiming that he had been unlawfully discharged because of his race. Plaintiff based his complaint on the assertion that, while two black employees were fired for accepting T-shirts, Parrish, who was white, was not punished. After investigating the charge, the EEOC issued a Determination letter which found that the evidence did not support plaintiff's allegation. The EEOC also determined that plaintiff had not been fired, but had left defendant's premises as a result of the altercation with Iazetti. Finally, the Determination letter noted that, in addition to firing Williams, defendant discharged a white employee during the same period for alleged theft. After receiving the Determination letter and notice of his right to sue, plaintiff filed the instant suit.

Defendant now moves for summary judgment, claiming that plaintiff has failed to make out a *prima facie* case of disparate treatment under Title VII. Specifically, defendant claims that plaintiff cannot show the requisite adverse employment action because he was not discharged as a result of the claimed discrimination, but rather walked off the job of his own accord.

## Discussion

Rule 56 of the Federal Rules of Civil Procedure requires a party opposing a motion for summary judgment to come forward with a specific forecast of evidence which, viewed in a light most favorable to him, would be sufficient to prove every material element of his claim. *Guinness PLC v. Ward*, 955 F.2d 875, 882–83 (4th Cir.1992).

The Supreme Court has established a tripartite order and allocation of the burden of proof in Title VII cases. The first step in this process is the requirement that plaintiff establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The elements necessary to such an initial showing vary, depending upon the nature of the claimed discrimination. "With respect to discharge for violation of work rules, the plaintiff must first demonstrate by a preponderance of the evidence that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly." *Green v. Armstrong Rubber Co.,* 612 F.2d 967, 968 (5th Cir.), *cert. denied,* 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102 (1980).

Plaintiff here has failed to meet this burden. Assuming that plaintiff was discharged as claimed, he still has failed to allege the requisite disparate treatment between himself and a similarly-situated white employee. Plaintiff has not challenged defendant's claim that Sheila Parrish, the white employee found in possession of a T-shirt at the same time as he and Williams, had validly purchased the shirt from a sales representative. Therefore, Parrish was not similarly in violation of company policy, and was not reasonably subject to the same type of treatment as plaintiff. What little evidence does appear on the record tends to contradict plaintiff's charge, as it shows that a white employee was discharged for theft during the same period.

As plaintiff has failed to forecast the ability to prove an essential element of his *prima facie* case, defendant's motion for summary judgment must be ALLOWED, and the case dismissed.

SO ORDERED.