8 F.3d 816
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Alexander BENTON, Plaintiff-Appellant,
v.
ARA FOOD SERVICES, INCORPORATED, Defendant-Appellee.
 No. 93-1002.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1993.
Decided: October 21, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 James Alexander Benton, Appellant Pro Se.
 William Pinkney Herbert Cary, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 James Alexander Benton appeals from the district court's order granting Defendant's motion for summary judgment.
 
 
 2
 Although we affirm this disposition, we note that the district court applied the wrong test for a discriminatory discharge claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1988). In order to establish a prima facie case of discriminatory discharge, a plaintiff must demonstrate that:
 
 
 3
 1. he is a member of a protected class;
 
 
 4
 2. he was qualified for his job and his job performance was satisfactory;
 
 
 5
 3. in spite of this qualifications and performance, he was fired; and,
 
 
 6
 4. the position remained open to similarly qualified applicants after his dismissal.
 
 
 7
 Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118, 122 (4th Cir. 1991) (footnote omitted). Despite this shortcoming, however, we find the district court properly concluded that racial discrimination did not motivate Benton's termination.
 
 
 8
 Assuming arguendo that Benton can demonstrate a prima facie case of discriminatory discharge, Defendant ARA Food Services ("ARA") successfully rebutted that case by demonstrating its honest belief that Benton had committed the numerous alleged acts of unprofessional conduct, including repeated instances of abusive and profane language. Hawkins v. Ceco Corp., 883 F.2d 977, 980 n.2 (11th Cir. 1989), cert. denied, 495 U.S. 935 (1990). ARA's articulated and documented nondiscriminatory reasons for its termination decision are neither pretext nor subjugated by Benton's conclusory allegations of discrimination. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281 (4th Cir. 1985).
 
 
 9
 Benton's claim that similarly situated white employees have not been terminated, despite their occasional use of profanity,* is also unavailing because (1) all employees, both black and white, involved in such incidents received the same initial counseling from management that Benton received, (2) those employees did not repeat the offenses, and (3) no other employee displayed conduct as egregious as Benton's misconduct. See Green v. Armstrong Rubber Co., 612 F.2d 967 (5th Cir.) (differing degrees of culpability warrant different punishments), cert. denied, 449 U.S. 879 (1980).
 
 
 10
 For the reasons stated herein, we affirm on the district court's disposition of Benton's Title VII action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 See Moore v. Charlotte, 754 F.2d 1100, 1105-06 (4th Cir.) (plaintiff must demonstrate that his conduct resembled that of a similarly situated employee of another race and that he received more severe disciplinary measures than the other person), cert. denied, 472 U.S. 1021 (1985)