35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C. BANKS, Plaintiff-Appellant,
v.
ROADWAY EXPRESS, INC., Defendant-Appellee.
 No. 93-55347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Banks appeals pro se the district court's summary judgment in favor of his former employer, Roadway Express, Inc. (Roadway), in this action stemming from Roadway's refusal to allow Banks to return to work after he suffered a work-related back injury. Banks, who worked for Roadway as a truck driver, alleged that Roadway's refusal to return him to work constituted (1) a breach of his employment contract; (2) retaliation for filing a state workers' compensation claim; and (3) discrimination based on Bank's race (African-American). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Breach of Contract
 
 
 4
 The district court ruled that Bank's breach of contract claim is, in actuality, a claim for breach of a collective bargaining agreement in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and, as such, is barred by a six-month statute of limitations. We review de novo a grant of summary judgment based on section 301 preemption. Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1408 (9th Cir.1992), cert. denied, 113 S.Ct. 2927 (1993). We also review de novo a district court's ruling on the appropriate statute of limitations. Moore v. Local Union 569 of the IBEW, 989 F.2d 1534, 1541 (9th Cir.1993); cert. denied, 114 S.Ct. 1066 (1994).
 
 
 5
 A state law claim brought by an employee against an employer is preempted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, if "resolution of the claim requires the interpretation of a collective bargaining agreement." Milne, 960 F.2d at 1408 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988)).
 
 
 6
 Banks' employment was governed by a collective bargaining agreement (CBA) between Roadway and Local 952 of the Teamsters Union (the union). In July 1986, Banks suffered an on-the-job back injury. The CBA required an employee who wished to return to work after an injury to obtain a doctor's release and, in addition, it authorized Roadway to require a physical examination by Roadway's own doctor. In case of disagreement between the two doctors, the employee was entitled to obtain an additional opinion from a third doctor jointly selected by the first two doctors. Disputes over whether an employee is medically fit to resume working were to be resolved through the grievance procedures set forth in the CBA.
 
 
 7
 Banks submitted a doctor's release to return to work in April 1988. Roadway's doctor found him medically unable to do heavy lifting and therefore unfit to return to his job, which involved loading and unloading freight. The union filed two grievances on Bank's behalf requesting that he be allowed to return to work. As a result of those grievances, Banks was examined by Drs. Mead and Boseker, who concluded that he should not do heavy lifting. Subsequently, Banks submitted another medical clearance, and Roadway's doctor again found him unfit. When Banks was instructed to report to Dr. Boseker again for a third opinion, the union filed a grievance seeking selection of a different third doctor. That grievance was denied on May 3, 1990. On May 10, 1990, the union informed Banks that it would not pursue the grievance further.
 
 
 8
 Because resolution of Bank's breach of contract claim would require interpretation of the CBA, the district court correctly held that the claim is preempted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185. See Lingle, 486 U.S. at 405-06; Milne, 960 F.2d at 1411 (state law claim of breach of implied covenant of good faith and fair dealing preempted by section 301 of LMRA where claim required interpretation of CBA).
 
 
 9
 Banks may pursue his claim under section 301, however, only if he demonstrates that the union breached its duty of fair representation. See Hines v. Anchor Motor Freight, 424 U.S. 554, 567 (1975). A six-month statute of limitations applies to such "hybrid" actions. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 158 (1983). Banks filed his complaint on November 8, 1991, almost a year after the union informed him that it would not pursue his grievance further. Accordingly, the claim is time-barred. See id.; see also Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 404 (9th Cir.) (limitations period began running when union informed employee that union would not pursue grievance), cert. denied, 498 U.S. 835 (1990).
 
 II
 Retaliatory Termination
 
 10
 The district court ruled correctly that it lacked jurisdiction over Banks' claim that Roadway retaliated against him for filing a workers' compensation claim. In California, the exclusive remedy for such a claim is to file a petition with the state Workers' Compensation Appeals Board. Cal.Labor Code Sec. 132a; Angell v. Peterson Tractor, Inc., 21 Cal.App.4th 981, 988-89, 26 Cal.Rptr. 541, 545 (Cal.Ct.App.1994); see also Palmer v. Roadway Express, Inc., 664 F.Supp. 458, 460 (N.D.Cal.1987).
 
 III
 Title VII
 
 11
 Banks alleged that Roadway Express refused to rehire him because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.. The district court granted summary judgment on the ground that Banks failed to present any evidence in support of this claim. Banks alleged in his complaint that four similarly situated white employees were allowed to return to work after recovering from their injuries. In support of its motion for summary judgment, Roadway submitted evidence that Banks was precluded from lifting boxes over 25 pounds because of his back injury, that his job required loading and unloading of boxes weighing more than 25 pounds, and that the white employees named by Banks were medically qualified to return to work. Banks failed to submit any evidence to refute this showing, or to raise a question of fact about whether Roadway's stated reason for refusing to allow Banks to return to work was pretextual. Because Roadway articulated a nondiscriminatory reason for its decision and Banks failed to produce any evidence that this reason was pretextual, the district court did not err by granting summary judgment on Banks' Title VII claim. See Wallis v. J.R. Simplot Co., 26 F.2d 885, 890-91 (9th Cir.1994).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3