**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-20592

Summary Calendar

Leland Laborde,

Plaintiff-Appellant,

VERSUS

The City of Houston, Joe Martinez,
Dorothy Rhyens, Melvin Barron, Manuel Campos,
Robert Elder, Roger Hulbert, and Fred Perrenot,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(H-98-CV-1904)

December 6, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is a "reverse discrimination" case in which the appellant, Leland Laborde, alleges that his former employer, the City of Houston ("the City"), fired him because he is white. At the close of evidence, the district court granted the City's Rule

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

50(a) motion for judgment as a matter with regards to Laborde's race discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment. Laborde now appeals the court's Rule 50(a) ruling, arguing that it misconceived Laborde's evidentiary burden and that it improperly found that Laborde was not treated differently than a similarly situated coworker. We affirm the district court's ruling.

## I.

Rule 50(a) states that "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law." Fed. R. Civ. P. 50(a). This Court reviews de novo the trial court's ruling on a Rule 50(a) motion. Siler-Khodr v. University of Tex. Health Science Ctr. San Antonio, 261 F.3d 542, 545 (5th Cir. 2001). Moreover, in reviewing a Rule 50(a) motion, this Court "should review all of the evidence in the record . . . [but] must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150 (2000). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 150-51 (citing Anderson v. Liberty

<u>Lobby, Inc.</u>, 477 U.S. 242, 250-51 (1986)).

II.

A Title VII plaintiff bears the burden of showing throughout the trial that the defendant intentionally discriminated against him on the basis of race. <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 256 (1981). Discriminatory purpose implies that the decision-maker fired the employee at least in part "because of," not merely "in spite of," its adverse effect on a identifiable group. <u>Personnel Administrator of Massachusetts v. Feeney</u>, 442 U.S. 256, 279 (1979). A plaintiff's subjective belief of race discrimination cannot alone establish that he has been a victim of intentional discrimination. <u>Ray v. Tandem Computers, Inc.</u>, 63 F.3d 429, 435 (5th Cir. 1995).

Drawing all reasonable inferences in favor of Laborde, we find no evidence that the City fired him on the basis of his race. The City established legitimate reasons for Laborde's discharge, namely that he had a ten year history of making racial slurs and engaging in other abusive conduct toward subordinates. At trial, Laborde offered little more than his subjective belief that some of his superiors recommended firing him based on his race. Laborde's argument that Melvin Barron, an African American coworker, was not fired after engaging in similar conduct is unfounded. Barron was not a similarly situated employee. Unlike Laborde, he was never accused of making racial slurs and his past disciplinary reprimands related to safety violations. See <u>Green v. Armstrong Rubber Co.</u>,

612 F.2d 967, 968 (5th Cir. 1980) (holding that a plaintiff does not establish a prima facie case of discrimination when employees charged with dissimilar conduct are given dissimilar punishments). Furthermore, Laborde and Barron held different positions and were on different pay scales. See Kendall v. Block, 821 F.2d 1142, 1147 (5th Cir. 1987) (stating the employees at different levels of seniority and at different pay scales are not "similarly situated").

We therefore AFFIRM the district court's decision to grant the City's Rule 50(a) motion for judgment as a matter of law.