# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2016

Lyle W. Cayce
Clerk

ASHLEY THIBODEAUX,

> Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1466

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ashley Thibodeaux sued her former employer, the Texas Department of Criminal Justice ("TDCJ"), alleging discrimination based on race and gender, and retaliation in violation of Title VII of the Civil Rights Act of 1964, et seq., 42 U.S.C. § 2000. TDCJ's motion for summary judgment on all claims was granted by the district court. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20041

I.

On December 6, 2012, Thibodeaux was employed with TDCJ as a Correctional Officer, Rank IV, at a unit in Rosharon, Texas.[1] At approximately 5:25 p.m., while Thibodeaux and fellow Correctional Officers Genesis J. Wiley ("Wiley"), Gwendolyn J. Edwards ("Edwards"), Olusegun Kudoro ("Kudoro"), Edwin L. Mills ("Mills"), Lori Lloyd ("Lloyd"), and M. Amos ("Amos") exited the front gate area of the unit, an altercation began between two of Thibodeaux's female colleagues, Edwards and Wiley. When the fight started, Thibodeaux was walking to Wiley's parked car in the lot in front of the unit; Thibodeaux and Wiley were friends and frequent carpool partners. While standing at the car, Thibodeaux observed that Kudoro and Mills, two of her male colleagues, were holding Edwards and Wiley apart, but the two were still attempting to fight. Thibodeaux also noticed Captain Francisco Rodriguez ("Rodriguez") standing in the parking lot watching the altercation. At this point, Thibodeaux went over and got involved in the altercation. Rodriguez then intervened, stopping the fight and ordering everyone to their duty posts. Witness statements were gathered following the altercation, and three witnesses indicated in their statements that Thibodeaux had acted in an aggressive manner towards Edwards.

The following day, Rodriguez charged Thibodeaux with violating TDCJ's employee rule of conduct 15b, which prohibits employees from instigating or participating in a physical altercation with another employee. On December 17, 2012, Warden Roger Pavelek held an employee hearing on Thibodeaux's disciplinary charge and recommended that she be terminated. Thibodeaux

---

[1] Thibodeaux began her second period of employment as a Correctional Officer with TDCJ around November 2008. On December 9, 2010, Thibodeaux received her first disciplinary charge for sleeping on the job, resulting in six months of probation.

No. 16-20041

filed grievances about the recommendation, and attended independent dismissal mediation, which ended in an impasse. The dismissal recommendation was then reviewed and approved by other TDCJ officials. Thibodeaux was terminated effective January 24, 2013.[2]

## II.

We review the district court's grant of summary judgment de novo. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004); *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 719 (5th Cir. 2002). If the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, we must affirm. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

Thibodeaux first argues that the district court erred in granting TDCJ's motion for summary judgment on her race discrimination and retaliation claims on the grounds that both were filed well over 300 days after her termination was finalized, and did not relate back to her original Charge.[3] We find no error. Under the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC"), Thibodeaux was entitled the benefit of amending her initial charge of gender discrimination to include her new race and retaliation claims—outside the EEOC's 300-day window to bring such claims—if the amendments relate back to the original charge, and if the facts supporting the race and retaliation amendments and the original gender discrimination charge are essentially the same. 42 U.S.C. § 2000e-5(e)(1); *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 878–79 (5th Cir. 2003). But importantly, Thibodeaux need have "*already included* sufficient facts in

---

[2] Edwards and Wiley also received disciplinary actions and were later terminated for their participation in the altercation.

[3] Because Thibodeaux voluntarily dismissed her retaliation claim against TDCJ, we need not consider this basis.

[her] original complaint to put [TDCJ] on notice that [she] might have additional allegations of discrimination." *Id.* at 879 (emphasis in original). She has not met this requirement. In her amended Charge, Thibodeaux failed to point to underlying facts or allegations from her initial filing that gave rise to her new claims, and further failed to include any facts in the original Charge which might put TDCJ on notice that she might have additional allegations of discrimination. Accordingly, because Thibodeaux failed to show that she was entitled to receive the benefit of the earlier filing date, TDCJ was entitled to summary judgment on the race discrimination claim.

Thibodeaux also contends that TDCJ discriminated against her on the basis of her sex. She argues that she has shown, by a preponderance of the evidence, that she "was treated less favorably because of [her] membership in [a] protected class than . . . other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009). Alternatively, Thibodeaux posits that she establishes a prima facie case by showing she did not commit a workplace violation. *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir. 1980).

Thibodeaux has not demonstrated that she is entitled to succeed under either basis. In an attempt to satisfy her requirement, Thibodeaux points to two of her colleagues, Kudoro and Mills, as comparators. Both are male, and by Thibodeaux's estimation, were involved in the altercation, yet faced no disciplinary action. However, Kudoro and Mills are not proper comparators for purposes of this analysis for a couple of reasons. First, no evidence in the record suggests that Kudoro and Mills were aggressive in their involvement in the altercation between the female officers—the same of which cannot be said of Thibodeaux. Second, neither Kudoro nor Mills had been charged with any rule violations before the December 6, 2012, incident; Thibodeaux, though, had

No. 16-20041

previously been disciplined for sleeping on the job, and had received six months of probation as a result. Thus, Thibodeaux has failed to identify similarly situated members of the opposite sex for purposes of her gender discrimination claim.

Likewise, Thibodeaux has not provided sufficient evidence that she did not commit a workplace violation. As earlier stated, three witnesses contradict Thibodeaux's claim that she was not a participant in the altercation, in violation of TDCJ's employee rule of conduct 15b. Thus, we are not persuaded that Thibodeaux has raised any genuine issue of material fact as to whether she was terminated due to violation of this workplace rule. Accordingly, the district court properly granted summary judgment on this claim.

III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.