**David HURT and wife, Beth Hurt, Plaintiffs,**

v.

**COYNE CYLINDER COMPANY and Liquid Air Corporation, Defendants.**

No. 87–2004–TUA.

United States District Court, W.D. Tennessee, W.D.

Feb. 15, 1989.

T. Robert Hill, Robert E. Chapman, Jackson, Tenn., for plaintiffs.

Gail O. Mathes, Robert L. Green, Memphis, Tenn., for Coyne.

David E. Harrison, Chattanooga, Tenn., for Liquid Air.

ORDER ON MOTION TO STRIKE PLAINTIFFS' SECOND REQUEST FOR ADMISSIONS

TURNER, District Judge.

The defendant Coyne Cylinder Company has filed a motion to strike the Plaintiffs' Second Request for Admissions which was filed on January 5, 1989. Defendant contends that the request was not filed timely since it was filed only 15 days prior to January 20, 1989, which is the date imposed by the United States Magistrate in the modified Rule 16(b) scheduling order for the conclusion of all discovery. Defendant

contends that since Rule 36 of the Federal Rules of Civil Procedure allows them thirty (30) days to respond to a request for admissions, the 15 days left for conclusion of discovery following the filing of the request is inadequate. Therefore, defendant seeks an order striking the request.

"Requests for admissions are not a general discovery device." *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir.1986); 8 C. Wright and A. Miller, *Federal Practice and Procedure § 2253*, at 706 (1970). The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof.[1] Requests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties. When the intended functional purpose of Rule 36 is considered, the fact that the rule on requests for admissions is included in the discovery section of the Federal Rules of Civil Procedure seems little reason to cut off the reasonable utilization of requests for admissions before trial as is usually done with discovery. This court concludes that the Rule 36 request for admissions is not included within the parameters of a general cutoff for discovery in a scheduling order.

The court therefore considers the motion to strike Plaintiffs' Second Request for Admissions not to be well taken and denies same.

IT IS SO ORDERED.

---

1. Among potential problems are witness unavailability or inconvenience, increased expense, additional trial time, and difficulty of persuasion among others.