**Linda JARVIS, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 3:94CV123–S–A.**

United States District Court,
N.D. Mississippi,
Western Division.

May 5, 1995.

Will R. Ford, New Albany, MS, for plaintiff.

H. Richmond Culp, III, Mitchell, McNutt, Threadgill, Smith and Sams, Tupelo, MS, for defendant.

### *ORDER*

ALEXANDER, United States Magistrate Judge.

This order addresses discovery disputes that counsel for the parties brought to the court's attention during the pretrial conference in the above-styled case and through subsequent correspondence. As provided in the case management plan and scheduling order, the deadline for completion of discovery in this case was February 15, 1995, and the court conducted the **pretrial conference on March 28, 1995. Initially, the court addresses the plaintiff's concerns** regarding defendant's failure to disclose information

---

in response to an interrogatory and a separate request for production of any files it possesses dealing with denial of any claims under the pre-existing exclusion provision of the defendant's group health plan.[1]

▮▮▮ Rule 6 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, as well as Fed.R.Civ.P. 37, contemplate that issues such as the one before the court dealing with discovery disputes shall be raised before the court in the form of a written motion, duly filed and accompanied by written assurance that the movant made a "good faith" attempt to confer with the non-movant and resolve the dispute before seeking the court's intervention. Under Section Four (II)(A) of the Civil Justice Expense and Delay Reduction Plan for the United States District Courts for the Northern and Southern Districts of Mississippi ("the Plan"), "[a]ll discovery motions must be filed so that they do not affect the discovery deadline."[2] In the instant case, there were no motions filed concerning discovery at any time prior to expiration of the discovery deadline. The court received notice of service of the interrogatory and request for production in question on January 18, 1995, but the plaintiff did not raise the issue of defendant's failure to comply until the pretrial conference—after expiration of the discovery deadline. Since no motion to compel was filed in a timely manner, the plaintiff is now technically barred from raising the issue of defendant's non-compliance. Moreover, trial is set in this case for June 15, 1995, and a ruling regarding discovery at this late stage likely would serve to prejudice the parties.

The court next addresses whether plaintiff should be directed to respond to requests for admission propounded by the defendant on or about February 13, 1995. It is the position of the plaintiff that the requests were not timely because they came so close to the expiration of the discovery deadline.[3] It is the position of the defendant, however, that requests for admission are not "discovery" devices, as such, and therefore do not have to be filed sufficiently in advance of the discovery deadline to allow time for a response.

In support of its position, defendant directs the court to *Pickens v. Equitable Life Assurance Society of the United States*, 413 F.2d 1390, 1393 (5th Cir.1969), and *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D.Tenn.1989). However, *Pickens* does not address the precise situation at hand. *Pickens* involved a suit on an insurance policy which expressly excluded suicide as a cause of death which qualified for double indemnity. *Pickens*, 413 F.2d at 1393–94. The defendant in *Pickens* contended that the trial court should have directed a verdict in its favor because the plaintiff had neglected to respond to a request for an admission that the insured had committed suicide, and therefore this fact should have been deemed admitted. *Id.* at 1393. The Fifth Circuit held that "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Id.* (citations omitted). The court makes no mention of whether requests for admission are generally subject to the rules regarding the mechanics of discovery and scheduling deadlines.

---

1. Defendant represents to the court that the dispute concerns plaintiff's interrogatory number two (2) and request for production number five (5).

2. Although Local Rule 6(d) provides that motions to compel and other similar motions must be filed "no more than thirty (30) days after the date scheduled for the completion of discovery," Section One (IV) of the Plan provides that the Plan's provisions prevail in conflicts with other rules. As such, Section Four (II)(A) of the Plan governs this court's decision as to when discovery motions must be filed.

3. The instant case is on an "expedited track" under Section Two (A) of the Plan, which calls for the court to establish the "discovery cut-off no later than one hundred (100) days after filing of the [case management plan]." The Plan defines "discovery cut-off" as the date upon which "all *responses* to written discovery shall be due according to the Federal Rules of Civil Procedure.... Counsel must initiate discovery requests ... sufficiently in advance of the discovery cut-off date so as to comply with this rule...." Civil Justice Expense and Delay Reduction Plan, Section One (II)(F) (emphasis added).

The court is also not compelled to adopt the reasoning given by the *Hurt* court in support of its conclusion. In *Hurt*, the plaintiffs served requests for admission on the defendants fifteen (15) days prior to the discovery cut-off date. *Hurt*, 124 F.R.D. at 614. In denying the defendant's motion to strike the requests, the court reasoned that in light of the functional purpose of Rule 36, which is to narrow the issues which must be proven at trial, "the fact that the rule on requests for admissions is included in the discovery section of the Federal Rules of Civil Procedure seems little reason to cut off the reasonable utilization of requests for admissions before trial as is usually done with discovery." *Id.*

 This court notes that its Local Rule 6(b) makes no distinction between requests for admission, interrogatories and requests for production. Contrary to the reasoning of the *Hurt* court, the court assigns weight to the fact that Rule 36 is located in the section of the Federal Rules specifically entitled "Depositions and Discovery." Defendant is correct in contending that the *Pickens* and *Hurt* courts, as well as a noted treatise on federal practice, make a distinction in some respects between requests for admission and the various forms of discovery. *See* 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2253, at 524 (1994). *But cf. id.* § 2257, at 377 (Supp.1994) (recognizing only *Hurt* court as extending distinction between requests for admission and other discovery forms to discovery cut-off context). These sources notwithstanding, it has been the policy of this court to treat requests for admission as a discovery device for purposes of establishing a deadline for service upon the other party. This being the case, the court is of the opinion that defendant's request that plaintiff be directed to respond to defendant's requests for admission should be denied.

It is, therefore,

**ORDERED:**

(1) That the request of the plaintiff at the pretrial conference for the court to direct defendant to comply with Interrogatory No. 2 and Request for Production No. 5 is denied.

(2) The request of the defendant at the pretrial conference for the court to direct the plaintiff to comply with its requests for admission is denied.

SO ORDERED.