**Richard Aubrey DENMAN**

v.

**MISSISSIPPI POWER & LIGHT COMPANY and Entergy Services, Inc.**

**Civ. A. No. 3:94–CV–32WS.**

United States District Court, S.D. Mississippi, Jackson Division.

July 26, 1995.

J. Keith Shelton, Shelton Associates, PA, Jackson, MS, Edward P. Lobrano, Jr., John

Dudley Butler, Lobrano, Butler & Kirk, Ridgeland, MS, for plaintiff.

N. Victoria Holladay, Rebecca G. Moore, Kullman, Inman, Bee, Downing & Banta, New Orleans, LA, for defendants.

## *MEMORANDUM OPINION AND ORDER*

WINGATE, District Judge.

Before the court is the defendants' motion for summary judgment under Rule 56(b)[1] of the Federal Rules of Civil Procedure. By their motion, defendants attack the legal and factual sufficiency of plaintiff's complaint which urges claims under the Age Discrimination in Employment Act ("ADEA"), Title 29 U.S.C. §§ 621–34, as well as a state law claim of misrepresentation. Plaintiff, Richard Aubrey Denman, contends that defendants first refused him a job transfer then terminated him all because of his age. Defendants deny the accusation, asserting that age was not a factor in the decision not to transfer plaintiff and later to terminate him. Rather, say defendants, plaintiff's circumstance was occasioned by a reduction in force which resulted from an ongoing reorganization and downsizing of Entergy Corporation's overall work force. In their Rule 56 motion now before the court, defendants champion a number of defenses which, they say, under the undisputed facts and the law entitle them to summary judgment. Specifically, defendants attack plaintiff's lawsuit upon the following grounds: (1) that defendant Entergy Services, Inc. ("Entergy") is not an "employer" under the ADEA; (2) that plaintiff failed to exhaust the Equal Employment Opportunity Commission ("EEOC") administrative process on his failure to transfer claim; (3) that plaintiff did not initiate this lawsuit in a timely manner as required by Title 29 U.S.C. § 626(d); and (4) that plaintiff has failed to establish a prima facie claim as required by Rule 56 rubric enunciated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Having applied this standard to the instant dispute, this court is

---

1. Rule 56(b) of the Federal Rules of Civil Procedure provides:

(b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

persuaded to grant the defendants' motion for summary judgment for the reasons set forth below.

■ To be liable for age discrimination as prescribed by the ADEA, the offending party must be an employer. Title 29 U.S.C. § 623(a)(1) provides that "it shall be unlawful for an *employer* ... to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." (emphasis added). Defendants say Entergy Services, Inc., is not a proper party to this matter because plaintiff was employed by MP & L, not Entergy Services, Inc. Entergy Services, Inc., according to defendants, is a separate and distinct subsidiary which provides administrative functions for Entergy Corporation subsidiaries. In support of these assertions, defendants offer the affidavit of Mark Antoine, Entergy's labor relations coordinator, who states that like MP & L, Entergy Services, Inc., is a subsidiary of Entergy Corporation. Defendants thus conclude that inasmuch as Entergy and MP & L are distinct entities and plaintiff was employed by MP & L, that only MP & L meets the definition of employer for ADEA purposes.

■ Plaintiff has submitted nothing to refute Entergy's assertion that he was employed by MP & L, rather than by Entergy. Plaintiff merely states in his response to defendants' motion that he will present evidence at trial to establish that Entergy is a proper party to this matter. Of course, this response hardly satisfies the proof production burden of Rule 56. Rule 56(c) of the Federal Rules of Civil Procedure states "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Clearly, plaintiff has failed to meet this burden. A

promise to prove at trial a matter properly challenged by a Rule 56 motion is a hollow promise which carries no persuasive power under the Rule. Accordingly, since plaintiff has failed to meet defendants' proof, this court must hold for the defendants on this point and dismiss Entergy Services, Inc., from this lawsuit.

■ Next, defendants say plaintiff's failure to submit his failure to transfer charge to the EEOC precludes him from raising it now before this court. In response, plaintiff says that he would have submitted his claim of failure to transfer to the EEOC had the agency properly interviewed him upon his original claim of unlawful termination.

■ This court is not persuaded by plaintiff's argument. The jurisprudence on this question is not in doubt: to be cognizable under the ADEA in federal court a claim must first have been raised in the EEOC administrative process. *National Association of Government Employees, et al. v. City Public Service Board of San Antonio, Texas,* 40 F.3d 698 (5th Cir.1994) ("Title VII requires that parties exhaust administrative remedies before instituting suit in federal court."); *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278, 1279 (5th Cir.1994) (as a jurisdictional predicate, claimant must exhaust EEOC remedies before asserting a claim for sex-based discrimination in district court). Plaintiff failed to adhere to this directive and he has adduced no facts which would constitute an exception to this general rule. Accordingly, this court is persuaded by defendants' argument and hereby dismisses plaintiff's claim of failure to transfer.

Next, defendants say all of plaintiff's claims under the ADEA should be dismissed because plaintiff failed to file a timely charge of discrimination with the EEOC as required by Title 29 U.S.C. § 626(d).[2] Plaintiff acknowledges that he failed to file his charge of discrimination within the prescribed time period. Plaintiff, however, urges this court to

---

**2.** Title 29 U.S.C. § 626(d) provides in pertinent part:

    No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has

been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

    (1) within 180 days after the alleged unlawful practice occurred; ...

apply the doctrine of equitable tolling or equitable estoppel to resurrect his untimely claims.

■ The law governing this question is unequivocal. A claimant asserting a claim for unlawful discrimination must first file a charge of discrimination with the EEOC within 180 days of the adverse employment decision. *See Clark v. Resistoflex Co., Division of Unidynamics*, 854 F.2d 762, 765 (5th Cir.1988). In *Clark*, the Fifth Circuit Court of Appeals stated that this 180–day filing period begins to run on the date of notice of termination rather than the final day of employment. *Id.*

In the instant case, plaintiff received his notice of termination on January 11, 1993. Plaintiff mailed his charge of discrimination to the EEOC on July 26, 1993. The charge was received by the EEOC on July 29, 1993. The 180–day time period lapsed on July 13, a Tuesday. Plaintiff's charge of discrimination was untimely when it was mailed (July 26) and received (July 29) by the EEOC. Because plaintiff's charge of discrimination was not timely presented to the EEOC, this court is warranted in dismissing plaintiff's claims unless plaintiff can show equitable tolling or estoppel.

■ Even though the 180–day rule requires a claimant to file a charge of discrimination within this time period, equitable tolling is a limited exception to the 180–day rule. *Id.* Where one is "lulled" into inaction by the conscious acts of one's employer and thereby fails to meet the deadline, the filing period may be equitably tolled. The test for determining whether one has been "lulled" is whether a person similarly situated with a prudent regard for his rights would have discovered the discrimination in the absence of any misleading statements or concealment on the part of the defendant. *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir.1975). Plaintiff here has failed to allege sufficient facts to implicate the doctrine of equitable tolling. Plaintiff merely asserts that months after his termination he learned for the first time that other similarly-situated employees had been treated more favorably than he. Plaintiff thus concludes:

It was quite reasonable for the charging party, in this instant case the Plaintiff, to remain ignorant of any filing requirements, said ignorance which was directly caused by the misrepresentations made by the Defendants or their agents or employees regarding the alleged extent of the terminations and eliminations of the employment positions held by Plaintiff and those similarly situated.

Plaintiff's Response to Defendant's Motion for Summary Judgment, page 6.

Plaintiff's assertions are bereft of any factual support; he merely makes a shotgun allegation without any showing of who supposedly misled him, what supposedly was said, and how such deception prevented him from learning the true facts. As stated above, plaintiff has simply failed to present any facts which are sufficient to implicate the doctrine of equitable tolling.

■ Nor has plaintiff presented any facts which would trigger equitable estoppel. Equitable estoppel focuses on "the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising his rights." *Clark*, 854 F.2d at 769, n. 4. This doctrine is properly triggered "when the employee's untimeliness in filing his charge results from either the employer's 'deliberate design' to delay the filing or action that the employer 'should unmistakably have understood' would result in the employee's delay." *Id.*

■ Defendants next assert that plaintiff has failed in his Rule 56 burden to establish a prima facie case. To establish a prima facie case of age discrimination, plaintiff must show: (1) that he was a member of the protected class; (2) that he was qualified to perform the job; (3) that he was discharged; and (4) that he was replaced by a person outside the protected class. *Normand v. Research Institute of America, Inc.*, 927 F.2d 857, 859 (5th Cir.1991). An employer may rebut a prima facie case of age discrimination by articulating some legitimate, non-discriminatory reason for its action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d

207 (1981). If the employer articulates legitimate, non-discriminatory reasons for its actions, the presumption created by the plaintiff's prima facie case dissolves and the burden reverts to the plaintiff to prove that the employer's reasons were pretextual. *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 646 (5th Cir.1985).

Here, through the affidavits of Mark Antoine, Entergy's labor relations coordinator, defendants deny any discrimination against plaintiff on account of his age and assert that plaintiff's circumstance was due to a reorganization and downsizing of Entergy's overall work force. Plaintiff responds that the company picked the two oldest employees to discharge, namely plaintiff and one Sam Beavers, because of their salaries and because they were liabilities to the company's health insurance.

■■■ A plaintiff may not merely offer conclusory remarks bereft of a concrete factual basis and the requisite vigor to refute a defendant's proffered legitimate non-discriminatory reasons for the action it took. *See United Steelworkers of America, AFL–CIO v. University of Alabama*, 599 F.2d 56, 61 (5th Cir.1979) (holding that in order to defeat successfully a motion for summary judgment, more than mere allegations and conclusory statements must be offered); *E.E.O.C. v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir.1984) ("Pretext cannot be established by mere conclusory statements of a plaintiff who feels he has been discriminated against.").

Plaintiff here appears to be offering but conclusory remarks which would offend the dictates of *United Steelworkers of America AFL–CIO v. University of Alabama, supra.* Ordinarily, this court would want to hear more of the matter. However, since this court has held that this case must be dismissed for plaintiff's failure to file this action within the requisite time period, the court need not reach this issue.

■■■ Finally, this court also dismisses plaintiff's state law claim of misrepresentation. Having dismissed all of plaintiff's federal law claims, this court opts not to retain jurisdiction over plaintiff's state law claim. *See Noble v. White*, 996 F.2d 797, 799 (5th

Cir.1993) (stating that "[d]istrict courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state law claim once all federal claims are dismissed."); *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir.1992) (holding that district court's dismissal of state law claims was proper where the district court had properly dismissed all of the federal questions that gave it original jurisdiction).

So, for the reasons set forth above, this court is persuaded to grant the defendants' motion for summary judgment. Consequently, this matter is dismissed with prejudice. A separate judgment shall be entered in accordance with the local rules.

**SO ORDERED AND ADJUDGED.**

