**Joshua LEE, Plaintiff,**

**v.**

**GEORGIA–PACIFIC CORPORATION, Defendant.**

**Civil Action No. 3:94–cv–711WS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 12, 1996.

Firnist J. Alexander, Jr., Jackson, MS, for Joshua Lee.

Jeffrey A. Walker, Daniel P. Jordan, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Georgia Pacific Corporation.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the defendant's motion for summary judgment pursuant to Rule 56(b)[1] of the Federal Rules of Civil Proce-

---

**1.** Rule 56(b) of the Federal Rules of Civil Procedure provides:

(b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought

dure and plaintiff's motion for additional time for discovery pursuant to Rule 56(f).[2] By its motion, defendant Georgia–Pacific Corporation ("Georgia–Pacific") attacks the legal and factual sufficiency of plaintiff's complaint which asserts: (1) that defendant terminated plaintiff's employment because of his race and age in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e[3] et seq., ("Title VII"); Title 42 U.S.C. § 1981;[4] and the Age Discrimination in Employment Act, Title 29 U.S.C. § 623[5] et seq., ("ADEA"); and (2) that defendant paid plaintiff a lower starting salary because of his race in violation of Title VII and Section 1981. Since plaintiff's claims are brought pursuant to Title VII, § 1981 and the ADEA, this court has jurisdiction over this dispute under Title 28 U.S.C. § 1331.[6]

Plaintiff Joshua Lee, an African American over the age of forty years, opposes defendant's motion for summary judgment, arguing that here there are material issues of disputed facts and, alternatively, that plain-

tiff should be granted additional discovery time to unearth more facts in his favor. Nevertheless, having considered the motions, evidence, and briefs and having heard oral arguments, this court grants defendant's summary judgment motion and denies plaintiff's Rule 56(f) motion for the reasons stated below.

### I. *Background*

In 1988, Georgia–Pacific interviewed plaintiff for a project engineer position at its Monticello, Mississippi, paper mill. The position clearly required an Electrical Engineering Degree ("EE") as a prerequisite credential for employment. Plaintiff's resume and application for employment at Georgia–Pacific unmistakably represented that plaintiff had earned an EE from Mississippi State University located in Starkville, Mississippi. Just above plaintiff's signature, the application required that he "certify that the statements I have made are true, complete and correct, and I agree that any willfully false

---

may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

2. Rule 56(f) of the Federal Rules of Civil Procedure provides:

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

3. Title 42 U.S.C. § 2000e–2 provides in pertinent part:

(a) Employer practices
It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

4. Title 42 U.S.C. § 1981 provides in pertinent part:

(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

5. Title 29 U.S.C. § 623(a) provides:

It shall be unlawful for an employer—
(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
(3) to reduce the wage rate of any employee to comply with this chapter.

6. Title 28 U.S.C. § 1331 provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

statements or misrepresentations herein are just cause for Georgia–Pacific to either refuse or terminate my employment." Plaintiff acknowledges that he read and understood this certification before signing.

Convinced that plaintiff was qualified for the position by experience and education, Georgia–Pacific's Human Resources Manager, a white male four years older than plaintiff, hired him as a project engineer in August 1988 with a starting salary of approximately $35,000.00. No one disputes that plaintiff's initial salary was higher than two more senior white project engineers. One year later, in August 1989, plaintiff received a 12% raise and continued to earn more than the senior white engineers.

On September 1, 1991, Georgia–Pacific promoted plaintiff to Electrical and Instrument ("E & I") Maintenance Supervisor. That position required either journeyman electrician status or an EE. Mr. Lee was not a journeyman electrician, but Georgia–Pacific, still persuaded by plaintiff's initial application, believed he was an EE.

Sometime after moving into the E & I Maintenance Supervisor position, plaintiff's competency in electrical engineering came into question. Plaintiff's supervisor became so concerned about plaintiff's minimal knowledge in the field that the supervisor asked the Human Resources Department to see if plaintiff even had a degree.

Ultimately, Mississippi State University confirmed that plaintiff had never earned an EE. Georgia–Pacific then confronted plaintiff on this matter. Plaintiff yet claimed to have an EE and requested time to prove his story. Georgia–Pacific granted plaintiff's request. Later, plaintiff confessed that he had never earned an EE from Mississippi State University. Plaintiff repeated this admission during his deposition taken November 2, 1995, and added that when he had misrepresented his educational status on the job application he had known that his actions were

dishonest. Further, he stated that he believed Georgia–Pacific would not hire him without an EE. On December 11, 1992, Georgia–Pacific terminated Mr. Lee's employment.

## II. *Plaintiff's Request for Additional Discovery*

■ Plaintiff pursues his request for additional discovery time under Rule 56(f), Federal Rules of Civil Procedure. Rule 56(f) allows for additional discovery where "it appears from the affidavit of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify the party's opposition...." Fed.R.Civ.P. 56(f). However, "the mere complaint that more discovery is needed, by itself, does not justify a Rule 56(f) continuance." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir.1994). Moreover, "only parties who have diligently pursued discovery are entitled to the protections afforded under Rule 56(f)." *Id.*, at 1397; *see also Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1107 (5th Cir.1991) (plaintiff failed to conduct discovery before close of discovery deadline).

■ In the present case, plaintiff filed his complaint in November 1994. Discovery did not end until November 20, 1995. Plaintiff's only attempt at discovery was one set of interrogatories and a request for the production of documents served thirty days prior to the discovery deadline. This discovery sought the identity of similarly situated whites who had been disciplined by the defendant. Defendant responded to the discovery by document entitled "General Objection" dated October 20, 1995. On December 13, 1995, defendant filed its motion for summary judgment.

Plaintiff never made any effort under Local Rule 6(c) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi[7] to persuade defendant to answer his

---

7. Rule 6(c) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi provides in pertinent part:

(1) Prior to service of a motion to compel discovery for whatever reason, all counsel shall

be under a duty to confer in good faith to determine to what extent discovery disputes can be resolved before presenting the issue to the district or magistrate judge before whom the case is pending. No such motion shall be heard by the judge unless counsel for the mov-

discovery and never filed a Rule 56(f) motion until well after the discovery and motion deadlines had long expired. His motion, filed January 25, 1996, was included with his response to defendant's motion for summary judgment. Defendant filed its motion for summary judgment on December 13, 1995. Thereafter, plaintiff requested and was permitted three enlargements of time in which to reply. In none of the requests for enlargement of time did plaintiff ever raise his Rule 56(f) concerns. Moreover, his Rule 56(f) request came 52 days after the close of discovery, 43 days after expiration of the motion deadline, and 43 days after defendant's motion for summary judgment. This court finds this inordinate delay to be outside the spirit of Rule 56(f). Therefore, this court denies the motion on ground of untimeliness. *See Jarvis v. Wal–Mart Stores, Inc.,* 161 F.R.D. 337, 338 (N.D.Miss.1995) (denying motion to compel made at pretrial conference and after discovery and motion deadlines).

In addition, this court finds plaintiff suffered no real prejudice. Plaintiff's written discovery sought the identity of similarly situated white employees who had been disciplined by defendant. He charges Georgia–Pacific with failing to identify any such employees, while mentioning and then distinguishing the situation of four white employees in the defendant's Memorandum In Support Of Summary Judgment. As for the names of the employees, plaintiff already knew the names of the four individuals. In his deposition, plaintiff himself identified the four as similarly situated whites who had been treated more favorably.

Next, plaintiff's claim of prejudice is without basis because none of the four identified white employees was similarly situated. Not one of the four was alleged to have falsified an employment application or misrepresented his educational or experience credentials. *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1090 (5th Cir.1995) (a successful work-rule violation case under Title VII requires that similarly situated white employees engaged in similar acts and were not punished similarly). *See also Green v. Armstrong*

*Rubber Co.,* 612 F.2d 967, 968 (5th Cir.1980); *Turner v. Texas Instruments, Inc.,* 555 F.2d 1251, 1254–55 (5th Cir.1977); *Williams v. Yazoo Valley–Minter City Oil Mill, Inc.,* 469 F.Supp. 37, 48 (D.C.Miss.1978). Accordingly, this court is not persuaded that plaintiff even suffered any prejudice from defendant's failure to answer his discovery, although, as earlier stated, this court views plaintiff's Rule 56(f) request to be untimely.

### III. *Plaintiff's Discharge Claims*

When a motion for summary judgment is made, the non-moving party must present credible evidence "showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "A plaintiff may not merely offer conclusory remarks bereft of a concrete factual basis and the requisite vigor to refute defendant's proffered legitimate, non-discriminatory reason for the action it took." *Denman v. Mississippi Power & Light Co.,* 906 F.Supp. 379, 384 (S.D.Miss.1995).

To survive summary judgment in a race or age discharge claim, a plaintiff must either submit direct evidence of discrimination or infer disparate treatment through the *McDonnell Douglas* burden shifting analysis. *See generally McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas,* the burden of production shifts, but the ultimate burden of proving that race or age was a motivating factor remains at all times with the plaintiff. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

### A. *Plaintiff's Race Discrimination Claim*

■ To establish a prima facie case of race-based disparate treatment in the work-rule violation context, plaintiff must show "either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly." *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1090 (5th Cir.1995) (quoting *Green v. Armstrong Rubber Co.,* 612 F.2d 967, 968 (5th Cir.), *cert. denied,* 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102 (1980)). Since

ing party shall incorporate in his motion a certificate that he has conferred in good faith

with opposing counsel in an effort to resolve the dispute and has been unable to do so.

plaintiff admits violating company policy, the ultimate issue in this case is whether "white employees were treated differently under circumstances 'nearly identical' to his." *Mayberry,* 55 F.3d at 1090.

■ Plaintiff's response memorandum admits that he "is unable to properly demonstrate that other white persons have been guilty of similar offenses and not discharged...." Moreover, Georgia–Pacific's uncontroverted affidavit from Fred H. Pilgrim, Human Resources Manager, during the pertinent time, states that it has never suspected any of its other employees of falsifying prerequisite credentials for employment. Accordingly, this court concludes as a matter of law that plaintiff has offered no proof of any similarly situated white employees to whom Georgia–Pacific gave preferential treatment. *See Smith v. Wal–Mart Stores,* 891 F.2d 1177, 1180 (5th Cir.1990) (employees guilty of different work rules violations not similarly situated). Thus, this court holds that plaintiff has failed to state a prima facie case of race discrimination.

■ Even if plaintiff had stated a prima facie case of race discrimination, he has not submitted any evidence, credible or otherwise, to rebut Georgia–Pacific's legitimate, non-discriminatory reason for the termination. Georgia–Pacific's proof that it terminated plaintiff for falsifying prerequisite credentials for employment is uncontroverted. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 516–17, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993).

### B. *Plaintiff's Age Discrimination Claim*

■ To establish a prima facie case of age-based discrimination under the ADEA, a plaintiff must "demonstrat[e] that he or she was (1) discharged; (2) qualified for the position; (3) within the protected age class ...; and (4) replaced by someone outside of the protected age class—under 40—or was otherwise discharged because of his or her age." *Moore v. Eli Lilly & Co.,* 990 F.2d 812, 815 (5th Cir.1993). Plaintiff clearly fails to meet even this minimal burden because he never earned an EE and was, therefore, unqualified.

Plaintiff held two jobs at Georgia–Pacific. The first (project engineer) required an EE. The second (E & I Maintenance Supervisor) required either an EE or journeyman electrician status. Plaintiff was neither an EE nor a journeyman electrician and was, therefore, never qualified for the positions held.

■ Moreover, plaintiff's only "evidence" of age discrimination is his unsubstantiated belief that Georgia–Pacific replaced him with an employee younger than himself. Other than his speculations, he offers nothing more. The Fifth Circuit routinely has dispatched such threadbare proof of age discrimination. *See Turner v. North Am. Rubber, Inc.,* 979 F.2d 55, 58–59 (5th Cir.1992) ("[p]roof that one's replacement is less than forty years old is necessary to establish a prima facie case, 'but it is clearly insufficient for [the plaintiff's] ultimate burden of proving intentional age discrimination.' "); *Armendariz v. Pinkerton Tobacco Company,* 58 F.3d 144, 152 (5th Cir.1995) (an employee's subjective belief that he was discriminated against because of his age is insufficient to create a jury issue where the employer has expressed an adequate non-discriminatory reason for the discharge) (citing *Molnar v. Ebasco Constructors, Inc.,* 986 F.2d 115, 119 (5th Cir. 1993)).

### IV. *Plaintiff's Wage Claim*

■ In 1989, on the one year anniversary of plaintiff's employment, he received a 12% raise. Plaintiff claims that the raise was a signal that he had been "paid at a lower rate from the very beginning" because of his race. This is the sum of plaintiff's proof on this point. Predictably, the court is not persuaded by this argument.

■ To avoid summary judgment on his wage claim, plaintiff must prove that he occupied a position similar to white employees who were compensated at a higher rate. *See Pittman v. Hattiesburg Municipal Separate School District,* 644 F.2d 1071 (5th Cir. 1981) (in the case of racial discrimination with respect to compensation, plaintiff must show that he was paid less than members of a different race were paid for work requiring substantially the same responsibility);

*Blount v. Alabama Coop. Extension Serv.,* 869 F.Supp. 1543, 1550 (M.D.Ala.1994) (in order to establish wage discrimination on the basis of race or gender, plaintiff must show, among other things, that she occupies a position similar to employees who are white or male who are compensated at a higher rate than plaintiff). Plaintiff admits that he cannot identify any white employees who were paid more than he and submits no record evidence of discrimination. Moreover, plaintiff's starting salary was actually higher than two more senior white project engineers. Mere suspicions do not create triable issues, *Molnar v. Ebasco Constructors, Inc.,* 986 F.2d 115, 119 (5th Cir.1993), and receiving a generous raise is hardly proof of discrimination. In summary, as conceded by his counsel at oral argument, plaintiff has failed to produce even a scintilla of evidence to substantiate his wage claim.

### V. *Summary*

Motions for summary judgment under Rule 56 aim to test the factual and legal sufficiency of a party's position, to dead-end wanting lawsuits so that the litigants will be spared expenditures of time, money and resources and the courts will be free to focus their gaze upon those earmarked for trial. This is the command of *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and its progeny. Plaintiff's lawsuit and his three claims, under the undisputed facts and applicable law, simply fail to survive defendant's Rule 56 motion and, therefore, must be dismissed with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's motion under Rule 56(f) for additional discovery be denied.

IT IS FURTHER ORDERED AND ADJUDGED that defendant's motion for summary judgment under Rule 56(b) be granted against all of plaintiff's claims and that these claims be dismissed with prejudice. A separate judgment shall be entered in accordance with the local rules.

**SO ORDERED AND ADJUDGED.**