940 So.2d 1 (2006)
Surilla OTT and Gwendolyn Barze
v.
FAMILIES HELPING FAMILIES OF GREATER NEW ORLEANS, A Non-Profit Corporation, and Children's Special Health Services, Office of Public Health, Louisiana Department of Health and Hospitals.
No. 2005-CA-1324.
Court of Appeal of Louisiana, Fourth Circuit.
August 16, 2006.
*2 Paula Perrone, Chehardy, Sherman, Ellis, Breslin, Murray, Recile & Griffith, L.L.P., Metairie, LA, for Surilla Ott and Gwendolyn Barze.
Michael T. Tusa, Jr., Andre J. Lagarde, McCranie Sistrunk Anzelmo Hardy Maxwell & McDaniel, Metairie, LA, for Families Helping Families.
Charles C. Foti, Jr., Attorney General, Micheal L. Penn, Assistant Attorney General, LA Department of Justice, Litigation Division, Baton Rouge, LA, for Children's Special Health Services, Office of Public *3 Health, Louisiana Department of Health and Hospitals.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.).
TERRI F. LOVE, Judge.
This appeal arises from the termination of Surilla Ott's and Gwendolyn Barze's employment from Families Helping Families located in Children's Hospital. Ms. Ott and Ms. Barze aver that the termination of their employment was an act of employment discrimination based upon their African-American race and that they were defamed in the process.
Ms. Ott and Ms. Barze filed a Petition for Damages seeking all damages reasonable and allowable under Louisiana law, including but not limited to all claims of defamation, back pay, benefits, reinstatement, reasonable attorney's fees, and court costs. Families Helping Families filed a Motion for Summary Judgment for their dismissal as a party to the lawsuit, with prejudice, for lack of a genuine issue of material fact. Children's Special Health Services, Office of Public Health, Louisiana Department of Health and Hospitals, also filed a Motion for Summary Judgment. The trial court found that no genuine issues of material fact existed regarding employment discrimination in the dispute, granted a summary judgment, and dismissed the defamation claim. Ms. Ott and Ms. Barze concede the dismissal of the claim for defamation and appeal the grant of the Summary Judgment regarding employment discrimination. We find that the trial court did not err in granting summary judgment and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
In July 1997, Families Helping Families ("FHF") administered a program at Children's Hospital under a contract with the State of Louisiana. FHF employed the plaintiffs-appellants, Surilla Ott ("Ms. Ott") and Gwendolyn Barze ("Ms. Barze") as parent liaisons from July 1, 1997 to January 18, 2001. On January 18, 2001, Ms. Ott and Ms. Barze were terminated from their employment with FHF for falsification of records and dishonesty. The termination was based on the recommendation of Children's Hospital employee Denise Williams ("Ms. Williams"). Ms. Williams, a Social Worker Supervisor and first-line supervisor for Ms. Ott and Ms. Barze, conducted an investigation into a Christmas toy program managed by Ms. Ott and Ms. Barze. According to Ms. Williams, she received complaints from social workers and other hospital staff about the operation of the program and possible misuse of donations.
The Christmas toy program collected donated toys to distribute to financially disadvantaged children receiving care within the hospital. The donations were distributed based on annually compiled lists of children receiving services at Children's Hospital. During the investigation, Ms. Williams asked Ms. Ott and Ms. Barze to submit the lists of the children to receive toys. Ms. Williams reviewed the two lists and noted that some of the children were not patients receiving care at the hospital. Ms. Barze was asked to identify the children and stated that the children were from her church.
Ms. Williams also inquired about two donations from two separate Wal-Mart stores. The first inquiry involved a $500 donation for which Ms. Williams requested a receipt for the purchases made with the donation. Ms. Barze was not initially forthcoming with the receipt, but eventually submitted copies. The second inquiry involved the $300 donation *4 from a different Wal-Mart location. Ms. Williams requested a receipt for the purchase and a list of the children who received the gifts. Ms. Barze and Ms. Ott explained to Ms. Williams that they did not receive a receipt from Wal-Mart because they did not actually purchase toys with the tender. The donation allowed the parent liaisons to enter the Wal-Mart store and choose $300 worth of merchandise to be donated to the program. Upon completion of the "shopping," the ladies were escorted out of the store without a receipt. After the parent liaisons did not produce a receipt, Ms. Williams contacted the Wal-Mart store and the receipt was faxed. Ms. Williams requested a list of the children that received toys from the $300 donation. Ms. Barze gave Ms. Williams the list. Ms. Williams examined the list and found that none of the children on the list were patients from Children's Special Health Services.
After investigating, Ms. Williams determined that neither Ms. Ott nor Ms. Barze were forthcoming with information and receipts about the program; neither Ms. Ott nor Ms. Barze could explain which children received gifts purchased with a $300 donation from Wal-Mart; some of the donated gifts were given to children who were not receiving medical care in the hospital, such as children from Ms. Ott's and/or Ms. Barze's churches; and Ms. Ott and Ms. Barze's children were receiving gifts. Upon completion of her investigation, Ms. Williams advised the FHF Executive Director, Rose Gilbert, to terminate Ms. Ott's and Ms. Barze's employment. On January 18, 2001, Ms. Ott and Ms. Barze were terminated in separate meetings attended by Ms. Williams and Ms. Gilbert.
In November 2001, Ms. Ott and Ms. Barze filed a petition for damages against FHF of Greater New Orleans, and Children's Special Health Services, Office of Public Health, Louisiana Department of Health and Hospitals. Ms. Ott and Ms. Barze asserted they were terminated based on their race, African-American, and defamation of character. The trial court found that there were no genuine issues of material fact regarding employment discrimination and granted defendant's Motion for Summary Judgment. The defamation claim was dismissed. Ms. Ott and Ms. Barze concede the dismissal of the claim for defamation and appeal the grant of Summary Judgment.

ASSIGNMENT OF ERROR
Ms. Ott and Ms. Barze assert that the trial court erred in finding that there were no material issues of fact regarding the employment discrimination claim.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Bd. of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991); Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181 and 99-2257, p. 7 (La.2/29/00); 755 So.2d 226, 230. A motion for summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The burden of proof remains with the mover to show that no genuine issue of material fact exists. "However, if the mover will not bear the burden of proof at trial," his burden on the motion "does not require him to negate all essential elements of the adverse party's claim," but rather to demonstrate an "absence of factual support for one or more elements essential to the *5 adverse party's claim." La. C.C.P. art. 966(C)(2). "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).

APPLICABLE LAW: LA. R.S. 23:301
"[M]aterial facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute." Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir. 1992). This Court defined a fact as being material "if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail," a prima facie case. Clark-Taylor v. City of New Orleans, 04-0511, p. 6 (La.App. 4 Cir. 12/01/04); 891 So.2d 22, 25.
The Louisiana anti-discrimination statute, La. R.S. 23:301 et seq., is "similar in scope to the federal anti-discrimination prohibitions in Title VII of the Civil Rights Act of 1964;" "Louisiana courts have routinely looked to the federal jurisprudence for guidance in determining whether a claim has been asserted." Plummer v. Marriott Corp., 94-2025 (La. App 4 Cir. 4/26/95); 654 So.2d 843, 848. The scheme of proof under federal jurisprudence requires the plaintiff to first establish by a preponderance of the evidence a prima facie case of racial discrimination. Duplessis v. Warren Petroleum, Inc., 95-1794 (La.App. 4 Cir. 3/27/96); 672 So.2d 1019, 1022. A prima facie case of employment discrimination includes proof that the plaintiff: (1) belongs to a protected group; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by someone outside of the protected group. Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir.2002), citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). If a prima facie case is established, a presumption is created that the employer unlawfully discriminated against the employee. Price, 283 F.3d at 720. The burden then shifts to the defendant/mover to produce evidence that no genuine issue of material fact exists by demonstrating an absence of factual support for one or more elements to the plaintiff's claim. La. C.C.P. art 966(C)(2). In cases involving a work-related rule violation, the plaintiff may establish a prima facie case by showing "either that he did not violate the rule or that, if he did," employees, of a different race, "who engaged in similar acts were not punished similarly." Green v. Armstrong Rubber Co., 612 F.2d 967, 968 (5th Cir.1980).

ESTABLISHMENT OF A PRIMA FACIE CASE
Analyzing Ms. Ott's and Ms. Barze's termination under the four-prong test does not establish a prima facie case for employment discrimination. Both Ms. Ott and Ms. Barze are members of a protected class, African-American, and were discharged from employment for which they were qualified; however, they were not replaced by someone outside of the protected group. Under this analysis, a prima facie case is not established, and there is not a genuine issue of material fact.
Ms. Ott and Ms. Barze aver that they established a prima facie case based on the fact that they did not violate any work-related rules and if they did, Caucasian employees engaged in similar acts were not similarly punished. In support of this argument, Ms. Ott and Ms. Barze submitted the affidavit of Germaine Thompson, FHF Parent-Liaison, asserting that no restrictions *6 existed on what parties received the donated gifts, and that white employees used the donated gifts inappropriately without similar disciplinary action. Ms. Ott and Ms. Barze did not present evidence other than the before mentioned affidavit and their own depositions as proof that white employees were treated differently.
A prima facie case exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Therefore, if the evidence is not significantly probative, the summary judgment is appropriate. Id. at 249-50, 106 S.Ct. 2505. The record taken as a whole could not lead a rational trier of fact to find for the non-moving party.
Furthermore, assuming arguendo that the depositions and affidavits are sufficient to establish white employees were in fact treated differently, a presumption is created that the employer unlawfully discriminated against the employee, and the defendants assume the burden of articulating a non-discriminating reason for the adverse action. FHF insisted that there was no racial motivation in its decision to terminate Ms. Ott's and Ms. Barze's employment. They contend that the decision was based solely on its conclusion, following an investigation, that Ms. Ott and Ms. Barze were dishonest and falsified records. This assertion of a legitimate nondiscriminatory reason for termination discharged the defendants' burden of proof, and the burden shifted to Ms. Ott and Ms. Barze to prove that FHF proffered reason is merely a pretext for discrimination. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir.1995). Ms. Ott and Ms. Barze did not attempt to overcome the FHF nondiscriminatory reason, but instead reasserted their evidence. They failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial.

DECREE
We conclude, as a matter of law, no genuine issue of material fact exists.
AFFIRMED.
MURRAY, J., concurs in the result.